A. G. TONNIES, Administrator, etc., Defendant in Error, v. SARAH McINTYRE, Administratrix, etc., Plaintiff in Error.

### St. Louis Court of Appeals, December 28, 1899.

1. Administration: JUDGMENTS IN FAVOR OF DECEASED: FINAL SETTLEMENTS: DISCHARGE. The filing of a final settlement and order of distribution without being discharged as administrator by the court, does not amount to a severance of the administrator's title to unadministered assets, and as to such assets he remains the only representative of the estate, recognized by law, and the law devolves upon him the duty of taking the necessary steps to collect such assets, and judgments in favor of his intestate should have allowed against the estate of the judgment debtor.

2. ———: ———: ALLOWANCE OF JUDGMENTS. A. G. Tonnies, administrator de bonis non of the estate of Christian Tonnies, proceeded properly in having the three judgments allowed and classified against the estate of McIntyre, the judgment debtor, he being the only party that could act for the estate in that behalf.

3. ———: ———: REVIVAL OF JUDGMENT: UNNECESSARY. Judgments are conclusive as to the several amounts adjudged to be due by them, and it is not necessary for the holder thereof to revive them by scire facias within ten years after their rendition, in order that they may be allowed and classified by the probate court against the estate of the judgment debtor.

Appeal from the St. Louis City Circuit Court.—*Hon. Jacob Klein*, Judge.

AFFIRMED.

*Jas. A. Henderson* for plaintiff in error.

(1) The court erred in giving judgment in favor of A. G. Tonnies as administrator; the authority of said administrator for the purposes of this action having long since ceased. State v. Rowland, 23 Mo. 95; Garner v. Tucker, 61 Mo. 427; Patterson v. Booth, 103 Mo. 419; Woerner's, sec. 570. (2) The court erred in assigning said claim in the fourth class of demands, when it should have been assigned to the fifth class. Mullen v. Hecorte, 103 Mo. 639; Harness v. Greeno, Adm., 20 Mo. 316; Gainey v. Sexton, 29 Mo. 449.

*Herman A. Hampler* for defendant in error.

(1) An administrator or executor takes personal assets of estate, and title is in him until the court ordered them distributed to some one else and he discharged. Church v. Branch, 120 Mo. 247; Rugle v. Webster, 55 Mo. 250; Garner v. Tucker, 61 Mo. 432. (2) In case at bar, administration was still in force, in as much as the administrator of Tonnies had never yet been discharged when the notices were given. 55 Mo. 250; Garner v. Tucker, 61 Mo. 432. (3) Under section 4, chapter 1, Revised Statutes 1889 the judgments could not have been assigned any other class except the fourth.

BOND, J.—Christian Tonnies recovered three judgments in 1875 and 1876, against J. W. McIntyre, in the circuit court of St. Louis county for the sums of $564.44; $513.87 and $583.14, respectively. Soon afterwards Christian Tonnies died. Administration upon his estate was granted to his widow, and subsequently A. G. Tonnies was appointed administrator

*de bonis non* of said estate. On the twenty-sixth of September, 1878, A. G. Tonnies made final settlement of his trust and an order of distribution was entered in accordance therewith. He, however, never filed his receipts showing compliance with said order, and was never formally discharged as administrator *de bonis non*. In 1895 McIntyre, the defendant in said judgments died, and Sarah McIntyre, was appointed administratrix of his estate. Thereupon after notice to her as such, the plaintiff presented transcripts of said judgments to the probate court for classification against the estate of John W. McIntyre. The probate court assigned said judgments to the fourth class of demands. On appeal to the circuit court a similar judgment was rendered, from which the administratrix of J. W. McIntyre has appealed to this court.

A valid final settlement of an administration in the probate court has all the conclusiveness of a former adjudication as to all matters embraced within such settlement, and absolves the personal representatives from further liability on account of anything included in the settlement, except upon appeal, or in the exercise of the equity jurisdiction vested in the circuit court. But that is not the question presented by the present appeal. The question here is, could the administrator of the plaintiff in the judgments, who had never been discharged as such by order of the probate court, present said judgments to that court for classification against the estate of the judgment debtor? The sums due on these judgments had never been collected nor disbursed. The judgments themselves were unadministered assets, to which plaintiff acquired title when he qualified as administrator *de bonis non*. He has never in any way parted with this title, nor has the court which invested him with it, discharged him from future control. He is, therefore, as to these assets still the only representative of the estate recognized by the law, and is necessarily subject to the future orders of the probate court as to their distribution. Rugle v. Webster, 55 Mo. loc. cit. 250; Garner v. Tucker, 61

Mo. loc. cit. 432; Melton v. Fitch, 125 Mo. loc. cit. 289; 2 Woerner on Administration [2 Ed.], sec. 506. It follows that the objection to the classification of the judgments in question for assumed want of capacity on the part of plaintiff to present them for that purpose, is wholly untenable.

The second point insisted upon by appellant is, that the judgments should not have been classified as such because not revived by *scire facias* within ten years after their rendition. The statute gives this process of revivor to restore the lien of a judgment and authorize a new execution thereon. R. S. 1889, sec. 6013. Although revived in this way a judgment does not lose its character as such, it is still within the statutory period of limitation, conclusive as to the amount adjudged to be due, and as to all defenses which might have been set up prior to its obtention. In this case the title holder of the judgments is not asking process of execution, nor to enforce any judgment liens; he only asks that these judgments—which were mergers of the previous demands upon which they were founded—be assigned to that class which the statute expressly provides for "all judgments rendered against the deceased in his lifetime." R. S. 1889, sec. 183; subdivision 4. The decision of the circuit court so ordering the judgments in question to be assigned to the fourth class of demands against the estate of appellant's intestate is correct, and is therefore affirmed. All concur.